UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID O'CONEL WATERS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-0095-MTS |
| | ) |
| STAN CLAYTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David O'Conel Waters, III's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [3]; *see also* 28 U.S.C. § 1915(a)(1). The Court will deny Plaintiff's Motion and require him to prepay the entire $405 filing fee no later than Friday, March 20, 2026, or the Court will dismiss his action.

\*

Along with his Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff submitted a certified copy of his institutional trust fund account statement. Doc. [4]; *see also* 28 U.S.C. § 1915(a)(2). The certified account statement he submitted shows that he blatantly lied on his Application, which he signed "under penalty of perjury." Doc. [3] at 2; *see also* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years). Plaintiff's Application states that he has received *no* wages and *no* income from gifts or any other sources in the preceding twelve months. Doc. [3]. His certified account statement tells a different story. It shows that Plaintiff received $725.00 over the six-month period that his account statement covers. Doc. [4]. He received both

regular payroll deposits from his institution and frequent outside deposits from no less than four individuals. *Id.* Yet Plaintiff told the Court that he had received *nothing* over the last twelve months.

Proceeding *in forma pauperis* in a civil matter is a privilege, not a right. *See Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987); *accord Allen v. Briggs*, 331 F. App'x 603, 604 (10th Cir. 2009) (Gorsuch, J.). And a district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *accord Donelson v. Tanner*, 768 F. App'x 573, 575 (7th Cir. 2019) (unsigned order) (joined by Barrett, J.) (affirming dismissal with prejudice where *pro se* prisoner materially lied in IFP application about financial status and litigation history). Indeed, Plaintiff's Application itself warned that "a false statement may result in a dismissal of [his] claims." Doc. [3] at 2.

While Plaintiff's conduct here could warrant dismissal with prejudice, the Court recognizes that such a dismissal, it has been said, is a harsh sanction that "should be exercised sparingly." *Romesburg*, 908 F.2d at 260. *But see Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306–07 (7th Cir. 2002) (Posner, J.) (noting dismissal with prejudice may be "the only feasible sanction" where plaintiff lied on his application to proceed *in forma pauperis*, which was "perjury designed to defraud the government"). Instead of dismissing this action with prejudice, the Court will deny Plaintiff the privilege of proceeding *in forma pauperis*. *See McGee v. Berkeley Police Dep't*, 4:25-cv-0977-

MTS, 2025 WL 2467715, at *1 (E.D. Mo. Aug. 27, 2025).  Besides forfeiting the privilege via his misrepresentations surrounding his finances, his account statement shows that he has regular deposits into his account that are sufficient to prepay the filing fee in this matter.* *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that the "only issue" in determining whether a prisoner may proceed *in forma pauperis* is deciding whether the prisoner must prepay "the entire filing fee" now or pay it "in installments over a period of time").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff David O'Conel Waters, III's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3], is **DENIED**.  No later than **Friday**, **March 20, 2026**, Plaintiff shall prepay the $405 filing fee in full.  **Failure to do so will result in the dismissal of this action without further notice.**

Dated this 3rd day of February 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

* The fact that Plaintiff chooses to quickly spend much of the money deposited into his account is of no moment.  "Prisoners may not intentionally deplete their trust accounts just to avoid paying filing fees."  *McCormack v. Missouri Dep't of Corr.*, 2:25-cv-0046-MTS, 2025 WL 2336856, at *1, n.* (E.D. Mo. Aug. 13, 2025); *accord Collier v. Chatham Cnty. Superior Ct.*, 4:24-cv-0013-RSB-CLR, 2024 WL 6843547, at *1 (S.D. Ga. Jan. 17, 2024) (collecting cases noting same).